IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCO CONTRERAS, FRANCISCO RICO, and MANUEL ORTIZ, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL RESTORATIONS, INC., DESIGN INSTALLATION SYSTEMS, INC. and MICHAEL TRACY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 18-cv-6761 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, on behalf of themselves and others similarly situated, as a Complaint against Defendants, allege the following:

### NATURE OF THE CASE

1. Defendants employed Plaintiffs as non-exempt laborers but failed to pay them premium overtime wages for hours worked in excess of 40 in a workweek. Plaintiffs' claims are filed under the Fair Labor Standards Act ("FLSA") as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and other, similarly situated workers. Plaintiffs also asserts class-action claims under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"). As a remedy for the wage violations, Plaintiffs seek recovery of their unpaid wages, liquidated damages, state law statutory penalties, pre- and post-judgment interest and attorney's fees and costs. Defendants have been sued for the exact same violation twice before, but they have continued to engage in the illegal practice.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §1331 (federal question) and 29 U.S.C. §216(b) (FLSA) and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state law claims are so closely related to the federal claims as to form a single Article III case.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants all reside in this district and a substantial part of the events and omissions giving rise to the claims alleged took place in this district.

## PARTIES

4. Plaintiff Marco Contreras was jointly employed as a laborer by Defendants National Restorations, Inc. and Design Installation Systems, Inc. ("Design Installation") from 2012 through 2018.

5. Plaintiff Francisco Rico was jointly employed as a laborer by Defendants National Restorations, Inc. and Design Installation Systems, Inc. ("Design Installation") from 1999 through 2018.

6. Plaintiff Manuel Ortiz was jointly employed as a laborer by Defendants National Restorations, Inc. and Design Installation Systems, Inc. ("Design Installation") from 2012 through September 2017.

7. Defendant National Restorations is an Illinois corporation with its principal place of business in Morton Grove, Illinois. National Restorations is and was at all times relevant, a contractor engaged in masonry restoration, repair, and landscaping and snow removal.

8. At all times relevant, National Restorations was an enterprise as defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203(r)(1), and an enterprise engaged

in commerce or in the production of goods for commerce, and had employees handling or working on goods or materials that were moved in or produced for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s)(1)(A).

9. At all times relevant, National Restorations was an "employer" as defined in the FLSA, 29 U.S.C. § 203, and the IMWL, 820 ILCS §105/3(c).

10. Defendant Michael Tracy had the authority to hire and fire employees of National Restorations and Design Installation, including Plaintiffs; establish the terms and conditions of their employment; dictate company policies; direct and supervise the employment of Plaintiffs and similarly situated employees; direct and supervise the daily work of Plaintiffs and similarly situated employees; and sign company pay checks.

11. At all times relevant, Defendant Michael Tracy was an "employer" under the Fair Labor Standards Act, 29 U.S.C. §203(d), and the Illinois Minimum Wage Law, 820 ILCS §105/3(c).

12. Defendant Design Installation is an Illinois corporation with its principal place of business in Morton Grove, Illinois. Design Installation is a contractor engaged in building exterior cleaning, masonry restoration and repair and general contracting services.

13. At all times relevant, Defendant Design Installation was an enterprise as defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203(r)(1), and an enterprise engaged in commerce or in the production of goods for commerce and had employees handling or working on goods or materials that were moved in or produced for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s)(1)(A).

14. At all times relevant, Design Installation was an "employer" as defined in the FLSA, 29 U.S.C. §203, and the IMWL, 820 ILCS §105/3(c).

15. At all times relevant, Defendants National Restorations, Design Installation, and Michael Tracy jointly employed Plaintiffs and similarly situated workers and are jointly and severally liable for their unpaid wages. *See* 29 C.F.R. §791.2 (definition of "joint employers" under the FLSA); *Village of Winfield v. Illinois State Labor Relations Bd.*, 678 N.E.2d 1041, 1044 (Ill. 1997) (test for joint employment under state law); *Andrews v. Kowa Printing Corp.*, 838 N.E.2d 894 (Ill. 2005) (joint employment under IMWL); and *Morgan v. SpeakEasy, LLC.*, 625 F. Supp. 2d 632 (Ill. 2007) (same).

16. Plaintiffs' written consents to sue pursuant to 29 U.S.C. §216(b) are attached to this complaint as Exhibit 1.

## FACTUAL ALLEGATIONS

17. During the past three years, Plaintiffs were assigned to work on projects for National Restorations and Design Installation. Their work for National Restorations and Design Installation included masonry repair or landscaping and, during the winter, snow removal.

18. From 2015 through 2018, Plaintiffs regularly and routinely worked in excess of 40 hours in a workweek.

19. From 2015 through 2018, Defendants failed to pay Plaintiffs overtime premium wages of one and one-half times their regular rate of pay for hours worked in excess of 40 in a single workweek.

20. Instead of paying Plaintiffs overtime premiums, Defendants issued Plaintiffs paycheck stubs that falsified the number of hours that they worked. During overtime weeks, the stubs represented that the Plaintiffs worked 40 hours, and Defendants paid additional overtime hours at straight time pay in a line designated as "Bonus." *See* Exhibit 2 (Sample Paystubs).

21. For example, for the workweek ending June 5, 2018, Rico worked for Design Installation for 43.75 hours at $46.00 per hour. Defendants paid him $172.50 as a Bonus, representing 3.75 hours at $46.00 per hour.

22. As another example, during the workweek ending October 25, 2016, Contreras worked for National Restorations for 67.75 hours at $19 per hour. Defendants paid him $527.75 as a Bonus, representing 27.75 hours at $19 per hour.

23. From 2015 through 2018, Defendants National Restorations, Design Installation, and Michael Tracy employed other workers in addition to Plaintiffs, to perform tasks similar to those performed by Plaintiff. Defendants failed to pay these other, similarly situated workers their premium overtime wages of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a single workweek.

24. From 2015 through 2018, National Restorations and Design Installation frequently worked alongside each other at projects around the Greater-Chicago area, performing building restoration, scaffold installation, debris clean-up, and other work.

25. From 2015 to 2018, Bill Tracy (Michael Tracy's brother) supervised and directed employees of both National Restorations and Design Installation on single job sites.

26. Employees of Design Installation and National Restorations were all subject to the same unlawful pay practice as Plaintiffs; that is, they were subjected to the unlawful policy and practice of being denied one and one-half times their regular rate of pay for all hours worked in excess of 40 in a single workweek.

## Collective and Class Allegations

27. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all

hourly employees of National Restorations and Design Installation between October 5, 2015 and the present and who, during that time, worked in excess of forty hours in any workweek.

28. Plaintiffs bring their IMWL claims, as set forth in Count II, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other hour employees of National Restorations and Design Installation between October 5, 2015 and the present and who, during that time, worked in excess of forty hours in any workweek. ("**the IMWL Class**").

29. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

30. The IMWL class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that each of the classes include at least fifty former and current National Restorations and Design Installation employees.

31. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Defendants implemented a policy of denying Plaintiffs and other class members overtime wages due and owing under the FLSA and IMWL for hours worked in excess of forty in a workweek;

32. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are members of the FLSA Overtime Class and the IMWL Class.

33. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

34.     Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

35.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

36.     The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I
## FAIR LABOR STANDARDS ACT, COLLECTIVE ACTION
## UNPAID OVERTIME

37.     Plaintiffs re-allege and incorporate the allegations of §§ 1-36 above as if fully set forth herein.

38.     This Count is brought as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), on behalf of hourly employees of National Restorations and Design Installation between October 5, 2015 and the present and who, during that time, worked in excess of forty hours in any workweek.

39.     The Fair Labor Standards Act requires that employers pay overtime premium wages of one and on-half times the regular rate of pay to non-exempt employees for all hours worked in excess of forty in a single workweek. 29 U.S.C. §207(a).

40. At all times relevant, Plaintiffs and similarly situated workers were non-exempt laborers entitled to one and one-half times their regular rate of pay for all hours worked in excess of forty in a single workweek.

41. At all times relevant, Plaintiffs and similarly situated workers regularly and routinely worked in excess of forty hours in a single workweek.

42. Defendants failed to pay Plaintiffs and similarly situated workers their overtime premium wages of one and one-half times their regular rate of pay for all hours in excess of forty in a single workweek.

43. Defendants' FLSA violations were willful.

44. At all times relevant, Defendants jointly employed Plaintiffs and similarly situated workers and are jointly and severally liable for the FLSA violations.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor, and in favor of all similarly situated workers who file written consent to sue pursuant to 29 U.S.C. §216(b), and against Defendants, jointly and severally, on Count I, and:

    a. Award Plaintiffs and similarly situated workers an amount equal to their unpaid overtime compensation plus an additional and equal amount as liquidated damages;

    b. Order Defendants to pay the costs of bringing this action, including reasonable attorney's fees and litigation expenses;

    c. Order Defendants to pay post-judgment interest; and

    d. Grant such other and further relief as the Court deems just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW, CLASS ACTION
## UNPAID OVERTIME

45. Plaintiffs re-allege and incorporate the allegations of §§ 1-36 above as is fully set forth herein.

46. The Illinois Minimum Wage Law mandates that employers pay covered employees overtime wages at a rate of one and one-half time their regular rate of pay for all hours worked in excess of forty hours in a single workweek. 820 ILCS 105/4a.

47. Defendants violated 820 ILCS 105/4a by failing to pay Plaintiffs the mandated overtime premium wages for all hours worked in excess of forty hours in a single workweek.

48. Defendants jointly employed Plaintiffs and are jointly and severally liable for the violations of the IMWL.

WHEREFORE, Plaintiffs pray that this Court enter judgment in his favor against Defendants, jointly and severally, on Count II and:

a. Award Plaintiffs and other class members an amount equal to their unpaid overtime compensation and a penalty of 2% of the unpaid overtime wages per month for the length of the violation in accordance with 815 ILCS 105/12;

b. Award Plaintiffs and other class members pre-judgment and post-judgment interest;

c. Order Defendants to pay the costs of bringing this action, including reasonable attorneys' fees and expenses as provided by 820 ILCS 105/12;

d. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

49. Plaintiffs demand trial by jury on all issues so triable.

Dated: October 5, 2018                                Respectfully submitted,


                                                      /s/Christopher J. Wilmes
                                                      One of the Attorneys for the Plaintiffs


Matthew J. Piers
Christopher J. Wilmes
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 W. Madison St., Suite 4000
Chicago, IL  60602
312-580-0100
mpiers@hsplegal.com
cwilmes@hsplegal.com

Alexandria Santistevan
Farmworker & Landscaper Advocacy Project
33 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 784-3541
litigation@flapillinois.org